**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL KENT,<br><br>              Plaintiff,<br><br>       v.<br><br>TERMINIX GLOBAL HOLDINGS, INC., NAREN GURSAHANEY, DEBORAH H. CAPLAN, DAVID J. FREAR, LAURIE ANN GOLDMAN, STEVEN B. HOCHHAUSER, BRETT PONTON, TERESA M. SEBASTIAN, STEPHEN J. SEDITA, and CHRIS S. TERRILL,<br><br>              Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action against Terminix Global Holdings, Inc. ("Terminix" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed merger of the Company with Rentokil Initial plc ("Rentokil Initial").[1]

2.      On December 13, 2021, the Company entered into an Agreement and Plan of Merger with Rentokil Initial and its wholly owned subsidiary Rentokil Initial US Holdings, Inc. (as amended on March 14, 2022, the "Merger Agreement"). The Merger Agreement provides

---

[1] The proposed merger of Terminix and Rentokil Initial described herein is referred to as the "Proposed Transaction."

Rentokil Initial will issue to Terminix stockholders at closing aggregate consideration comprised of approximately 643.29 million new Rentokil Initial shares (representing approximately 128.66 million ADSs based on a 1:5 ADS to Rentokil Initial share ratio) and approximately US$1.3bn in cash.[2]

3. The Company's corporate directors subsequently authorized the September 7, 2022 filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Based on Rentokil Initial's volume weighted share price and the 5-day average of the Sterling-US Dollar exchange rate as of August 21, 2022, the implied value of the merger consideration was approximately $43.33 per share of Terminix common stock, with aggregate consideration of 80% cash and 20% stock.

[3] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for October 6, 2022.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of Terminix common stock.

10. Defendant Terminix is a Delaware corporation with its principal executive offices located at 150 Peabody Place, Memphis, Tennessee 38103. Terminix's shares trade on the New York Stock Exchange under the ticker symbol "TMX." Founded in 1929, Terminix provides residential and commercial termite and pest management services. The Company offers termite and pest control services, including termite remediation, annual termite inspection, and prevention treatments with termite damage repair guarantees, periodic pest management services, insulation services, crawlspace encapsulation, wildlife exclusion, and disinfection services. Terminix's services protect against termite damage, rodents, insects and other pests, including cockroaches,

spiders, wood-destroying ants, ticks, fleas, mosquitos, and bed bugs. The Company serves under the Terminix, Assured Environments, Copesan, Gregory, McCloud, and Nomor AB brands.

11. Defendant Naren Gursahaney is and has been Non-Executive Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Deborah H. Caplan is and has been a director of the Company at all times relevant hereto.

13. Defendant David J. Frear is and has been a director of the Company at all times relevant hereto.

14. Defendant Laurie Ann Goldman is and has been a director of the Company at all times relevant hereto.

15. Defendant Steven B. Hochhauser is and has been a director of the Company at all times relevant hereto.

16. Defendant Brett Ponton has been Chief Executive Officer and a director of the Company at all times relevant hereto.

17. Defendant Teresa M. Sebastian is and has been a director of the Company at all times relevant hereto.

18. Defendant Stephen J. Sedita is and has been a director of the Company at all times relevant hereto.

19. Defendant Chris S. Terrill is and has been a director of the Company at all times relevant hereto.

20. Defendant Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On December 14, 2021, Terminix and Rentokil Initial jointly announced in relevant part:

**Transaction summary**

The Boards of Directors of Rentokil Initial plc ("Rentokil Initial") and Terminix Global Holdings, Inc. ("Terminix") are pleased to announce that Rentokil Initial and Terminix have entered into a definitive agreement (the "Agreement") under which Rentokil Initial will acquire Terminix for stock and cash (the "Combination" or the "Transaction"). The Transaction will bring together two complementary businesses (the "Combined Group") to create the global leader in pest control and hygiene & wellbeing, and the leader in the pest control business in North America, the world's largest pest control market.

Under the terms of the Agreement, Rentokil Initial will issue to Terminix shareholders at closing aggregate consideration comprised of approximately 643.29 million new Rentokil Initial shares (representing approximately 128.66 million American depository shares ("ADSs"), based on a 1:5 ADS to Rentokil Initial share ratio) and approximately US$1.3bn in cash. Based on Rentokil Initial's 5-day average daily volume weighted share price and the 5-day average of the Sterling-US Dollar exchange rate both over the period spanning 6 to 10 December 2021 inclusive, this values the entire share capital of Terminix at US$6.7billion, implying a value of US$55.00 per share of Terminix common stock, and represents an aggregate consideration mix of 80% stock and 20% cash and:

- a premium of 47.0% over the closing price of Terminix common stock on 13 December 2021 (being the last trading day prior to this announcement); and
- a premium of 32.5% over the 90-day volume weighted average share price of Terminix ending on 13 December 2021.

Terminix shareholders may elect to receive all cash or all stock consideration, subject to proration in the event of oversubscription. Each Terminix share for which no election or an invalid election is received will be deemed to have elected for all stock consideration.

The value of the per share cash election and the value of the per share stock election will be equalised ahead of closing such that the value of each election choice will be substantially the same.

The total number of new Rentokil Initial ADSs to be issued and the aggregate amount of cash to be paid under the terms of the Agreement will not vary as a result of individual election preferences.

As part of the Combination, Rentokil Initial will list the American Depository Receipts ("ADRs") evidencing the ADSs on the New York Stock Exchange ("NYSE"). The Combination will result in Terminix's existing shareholders owning approximately 26% of the Combined Group on completion and sharing the benefits accruing to the Combined Group.

The Transaction will combine two leading brands with a long cultural heritage, outstanding talent and strong focus on people, customers and ESG. Upon completion, the Combined Group will have c.56,000 colleagues serving c.4.9m customers around the world from 790 locations. The enlarged business will have a strong platform for growth, particularly in North America, and an attractive financial profile to support future growth, including through acquisitions and continued investment in innovation and technology. For the year ended 31 December 2020, the Combined Group's pro forma revenue would have amounted to US$5.7bn[1] (£4.3bn), with EBITDA of US$1.2bn (£897m) and Free Cash Flow of US$608m (£458m).

The Combination is expected to create significant value, enhance long-term growth potential, be highly cash generative and present a compelling industrial logic, supported by:

- increased scale and leadership in the global pest control market;
- substantially increased scale in North America, providing an enlarged platform for profitable growth;
- a complementary and synergistic portfolio combination; and
- an attractive financial profile.

The Combination is expected to generate material annual pre-tax net cost synergies of at least US$150m (£113m) by the third full year post completion. Run rate synergies are expected to accumulate c.30%, c.80% and 100% in the first, second and third 12-month periods respectively, post completion. In achieving these synergies, the Combined Group expects to incur aggregate cash implementation costs of approximately US$150m, half of which will be incurred in the first 12 months post completion. The Transaction is expected to deliver mid-teens percent accretion to Rentokil Initial's earnings per share in the first full year post completion[2].

**Recommendations**

The Boards of Directors of both Terminix and Rentokil Initial have unanimously approved the Transaction and resolved to recommend that their respective shareholders vote in favour of it.

**The Materially Incomplete and Misleading Proxy Statement**

22.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 7, 2022.  The Proxy Statement, which recommends that Terminix stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning the Company's financial forecasts and the financial analyses underlying the fairness opinion provided by Lazard Frères & Co. LLC ("Lazard"), financial advisor to the Board.

*Material Misrepresentations and/or Omissions Concerning Financial Forecasts for Terminix and Lazard's Financial Analyses*

23.     The Proxy Statement fails to disclose material information concerning the financial forecasts for Terminix, including the standalone unlevered, after-tax free cash flows that Terminix was forecasted to generate during the fourth quarter of calendar year 2021 and during calendar years 2022 through 2025.[4]   The Proxy Statement also fails to disclose the line items underlying those forecasts.

24.     The Proxy Statement similarly fails to disclose the standalone unlevered, after-tax free cash flows that Rentokil Initial was forecasted to generate during the third and fourth quarters of calendar year 2021 and during calendar years 2022 through 2025.[5]   The Proxy Statement also fails to disclose the line items underlying those forecasts.

25.     In addition, with respect to the Company's September 2021, October 2021 and December 2021 financial forecasts for Terminix and its financial forecasts for Rentokil Initial, the

---

[4] These are the same financial forecasts Lazard used in connection with its *Discounted Cash Flow Analysis* of Terminix.

[5] These are the same financial forecasts Lazard used in connection with its *Discounted Cash Flow Analysis* of Rentokil Initial.

Proxy Statement fails to disclose the line items underlying the Company's and Rentokil Initial's projected Adjusted EBITDA and Free Cash Flow.

26. With respect to the *Discounted Cash Flow Analysis* for the Company performed by Lazard, the Proxy Statement fails to disclose: (a) Terminix's terminal values; and (b) the inputs and assumptions underlying the range of discount rates Lazard used in connection with the analysis.

27. With respect to the *Discounted Cash Flow Analysis* for Rentokil Initial performed by Lazard, the Proxy Statement fails to disclose: (a) Rentokil Initial's terminal values; and (b) the inputs and assumptions underlying the range of discount rates Lazard used in connection with the analysis.

28. With respect to the *Present Value of Future Share Price* analysis performed by Lazard, the Proxy Statement fails to disclose: (a) Terminix's and Rentokil Initial's respective estimated EBITDA for calendar year 2024; (b) the inputs and assumptions underlying the respective discount rates for the Company and Rentokil Initial that Lazard used in connection with the analysis; and (c) Rentokil Initial's estimated annual dividend payments before December 31, 2023.

29. The omission of the above-referenced information renders statements in the "Certain Terminix Unaudited Prospective Financial Information" and "Opinion of Terminix's Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Terminix will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Terminix**

30. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Terminix is liable as the issuer of these statements.

32. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

33. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

35. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

36. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

37. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of Terminix within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Terminix and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

42. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  September 20, 2022                    By     **LONG LAW, LLC**

*/s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*

12